26987. WILLIAMSON *et al. v.* THE STATE.

DECIDED SEPTEMBER 9, 1938.

*I. W. Rountree,* for plaintiffs in error.
*George L. Smith 2d, solicitor, I. L. Price,* contra.

MacINTYRE, J. Lemuel Williamson and Flem Williamson were jointly accused of dynamiting fish. They were jointly tried, and both were found guilty. Their motion for new trial on the general grounds was overruled, and they excepted. The evidence for the State was as follows:

Paulk testified: "I am fourteen years of age. On the 12th day of February, 1938, I was on the Ohoopee River near the Georgia and Florida trestle, and I heard a report about one-fourth mile away, which sounded like it might have been dynamite. I went into the direction that I heard the noise and I heard another explosion about twenty-five yards from me. I went on up to the river-bank, and Flem Williamson and Lemuel Williamson were getting fish out of the water and putting them into a boat. The fish were floating around and were not swollen. I saw no one else down there at the river. This occurred in Emanuel County, Georgia." S. R. Williamson testified: "About 2 o'clock on the afternoon of February 12, 1938, I went to the Ohoopee River, just below the Georgia and Florida trestle, and found fish both large and small floating on the water. I felt a sucker and a perch, and they were both soft like fish are when they have been dynamited."

Paulk testified to facts tending to show that the place where the

fish were dynamited was about one fourth of a mile "up the river" from the trestle. The testimony of S. R. Williamson, witness for the State, corroborated Paulk's testimony as to the corpus delicti, in that it tended to show that some one, on the date alleged in the accusation, had dynamited fish in the Ohoopee River, for this witness found fish both large and small floating on the water of the river just below the Georgia and Florida trestle, for when he "felt a sucker and a perch . . they were both soft like fish are when they have been dynamited." The defendants each denied that they had any connection with any dynamiting, and stated that they did not dynamite any fish.

The evidence connecting them with the offense charged, while wholly circumstantial, was sufficient to authorize the jury to find that it excluded every reasonable hypothesis except that of their guilt. The cases cited in the brief of counsel for plaintiffs in error are clearly distinguishable by their facts from the present case. The overruling of the motion for new trial was not error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*